IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW SOPRON,<br><br>    Plaintiff,<br><br>v.<br><br>FORMER ASSISTANT STATE'S ATTORNEY SCOTT CASSIDY, et al.<br><br>    Defendants. | Case No. 19-CV-08254<br><br>Honorable John F. Kness |

### *AMICUS CURAIE'S* RESPONSE TO PLAINTIFF'S UNOPPOSED MOTION TO APPOINT A SPECIAL REPRESENTATIVE FOR DECEASED DEFENDANTS LEONARD BAJENKI AND THOMAS PTAK

Pursuant to the Court's Order, ECF No. 105, appointing the undersigned to appear as *amicus curiae* for the limited purpose of providing a response to Plaintiff's Unopposed Motion to Appoint A Special Representative For Defendants Leonard Bajenski and Thomas Ptak in accordance with counsel's trial bar obligations under Local Rule 83.37, *amicus curiae* states as follows:

### BACKGROUND

On April 13, 2020, Plaintiff Matthew Sopron ("Plaintiff") filed his Motion To Appoint A Special Representative For Deceased Defendants Leonard Bajenski and Thomas Ptak ("Deceased Defendants"). (ECF No. 55, "Motion" or "Mot."). Plaintiff's Motion states that while attempting to serve the Deceased Defendants, Plaintiff's counsel learned that the Deceased Defendants are deceased. (*Id.* at ¶ 2.) Plaintiff also states that: (1) he has been unable to locate an estate being opened at any time for the Deceased Defendants, *id.* at ¶ 3; (2) he has provided written notice of this action to the heirs or legatees of Deceased Defendants, *id.* at ¶ 9; (3)

proposes that a special representative be appointed to represent the Deceased Defendants in this action pursuant to 735 ILCS 5/13-209, *id.* at ¶¶ 5-8; (4) any recovery against Deceased Defendants shall be limited to any liability insurance or indemnification proceeds protecting the estates and shall not bar the estates from enforcing any claims that might have been available to them as counterclaims, *id.* at ¶ 11; and (5) should the Court grant Plaintiff's motion, Plaintiff will promptly comply with all requirements governing the substitution of a special representative as defendant and "will act with reasonable diligence to serve process upon the personal representative" in accordance with 735 ILCS 5/13-209(c)(1)-(2). *Id.* at ¶ 10. Defendants do not oppose Plaintiff's Motion. (*Id.* at ¶ 7.)

On May 5, 2020, the Court entered an Order directing Plaintiff to file a supplemental brief regarding the authority of the Court to appoint a special representative, and directed Plaintiff to submit a separate statement to the Court identifying the date or dates that Plaintiff's counsel learned that the Deceased Defendants are deceased, as well as a brief explanation of how Plaintiff's counsel learned of those facts. (ECF No. 65.) On May 29, 2020, Plaintiff filed both supplemental briefing and a Supplemental Statement in accordance with the Court's Order. (ECF Nos. 73-74.) Plaintiff's Supplemental Statement reiterated that Plaintiff learned that the Deceased Defendants are deceased in the course of serving the Defendants with the summons a copy of the Complaint. (ECF No. 74.)

On June 8, 2020, Plaintiff filed an Amended Supplemental Statement indicating that on June 5, 2020, counsel for Defendants alerted Plaintiff that attorneys from Plaintiff counsel's firm had previously learned of Defendant Ptak's death in an unrelated litigation, *Kluppelberg v. Burge*, 13-cv-03963 (N.D. Ill.). (ECF No. 82.) Plaintiff indicated that while attorneys from Plaintiff's counsel's firm represented plaintiff in *Kluppelberg*, the attorneys assigned to represent

1

Plaintiff in this manner were unaware of Plaintiff Ptak's death in the *Kluppelberg* litigation, and that the attorneys involved in this matter did not learn of Mr. Ptak's death until they sent waivers of service to defense counsel and were informed of his death in response. (*Id.*)

On July 27, 2020, the Court entered a subsequent Order indicating that Plaintiff's supplemental brief is instructive, "but does not fully resolve the Court's questions concerning Plaintiff's motion," and that the concerns arise from the fact that the Court "has not enjoyed the benefit of an adversarial presentation." (ECF No. 99 at 1.) To that end, the Court indicated its intent to appoint a member of the trial bar for the limited purpose of provide a response in opposition to Plaintiff's Motion. (*Id.* at 2.) The Court also indicated that the Amended Supplemental Statement generates "additional questions," "Plaintiff's assertion in the Amended Supplemental Statement that the 'attorneys in this matter did not learn of Mr. Ptak's death until after the case was filed is questionable," and directed counsel to personally submit separate statements explaining the circumstances surrounding how they became aware of the deaths of Deceased Defendants. (*Id.* at 4.) Plaintiff subsequently submitted a Statement of Plaintiff's Counsel in accordance with the Court's Order, which indicated that counsel had no recollection of learning of the Deceased Defendants' deaths before the filing of the Complaint. (ECF No. 106.) On August 7, 2020, the undersigned was appointed as *amuc curiae* for this limited purpose. (ECF No. 105.)[1]

---

[1] Based on the Court's Orders, it is the undersigned's understanding that *amicus curiae* has not been appointed to represent the estates directly, but rather for the "limited purpose of providing a response in opposition to Plaintiff's motion." *See* ECF No. 105; *See also* ECF No. 99 ("With the intent of gaining a fuller understanding of the law that pertains to Plaintiff's motion, the Court has considered appointing counsel (on a *pro bono* basis) to represent the estates directly. It is unclear, however, that the estates themselves—to the extent they even remain viable legal entities—either would welcome counsel or accept whomever the Court might appoint.").

65979661v.1

**ARGUMENT**

I.  **Plaintiff's Motion Fails To Clearly Identify Any Federal Rule Or Statute That Permits This Court To Appoint A Special Representative**

Plaintiff's Motion fails to establish that the Court has authority pursuant to the Federal Rules of Civil Procedure, or any other authority, which would permit the Court to appoint a special representative under these circumstances.

As recognized in *Coleman v. McLaren*, 590 F. Supp. 38 (N.D. Ill. 1984), which held that nothing supported the court's power to appoint a personal representative, "matters of procedure—of practice—are determined under *federal* law" and therefore, "[a]ny provision deriving from a state's Code of Civil Procedure. . . .starts out at least inherently suspect as a putative source of power for a federal court." *Id.* (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)).

Plaintiff's Motion argues that "[f]ederal district courts in Illinois have the power to appoint special administrators consistent with Illinois law." (Mot. at 2, ¶ 5) (citing *Stewart v. Special Administrator of the Estate of Mesrobian*, 559 Fed. App'x 543, 548 (7th Cir. 2014); *Anderson v. Romero*, 42 F.3d 1121, 1124-35 (7th Cir. 1994); *Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995)).  However, these cases are readily distinguishable.  For example, *Ward* and *Anderson* dealt with plaintiffs who died while their cases were pending and the courts based their authority to appoint representatives in the Federal Rules of Appellate Procedure—which provide that when a party dies pending appeal his personal representative may be substituted for him and if he has no personal representative "any party may suggest the death on the record and proceedings shall then be had as the court of appeals may direct."  *Ward*, 59 F.3d at 652; *see also Anderson*, 42 F.3d at 1122-23 (discussing appointment of representative pursuant to the Federal Rules of Appellate Procedure where plaintiff died during the pendency of an appeal).

3

65979661v.1

Moreover, while in *Stewart*, the Seventh Circuit, in *dicta*, noted that "[t]he district court may appoint a 'special administrator' consistent with Illinois law only if a state judge has not opened the estate already," the Court relied on the distinguishable cases of *Ward* and *Anderson*, and did not analyze the federal rule or authority for the district court to do so. Indeed, the Seventh Circuit ultimately noted that the district court did not address this issue, but rather that the district court "will need to take up that motion on remand in light of these issues." *Stewart*, 559 Fed. App'x at 548-49.² Similarly, in *Tamburo v. Dworkin*, 2012 WL 104545 (N.D. Ill. Jan. 11, 2012), the Court's potential authority to appoint a special representative was based in Rule 25(a) of the Federal Rules of Civil Procedure which provides for substitution of a party when that party dies *after* having been sued—a circumstance which does not apply here.

In this regard, Magistrate Judge Cole's recent Report and Recommendation in *Ezell v. City of Chicago, et al.*, No. 18-cv-01049 (N.D. Ill. Jan. 17, 2020) (ECF No. 175) adopted by *Ezell v. City of Chicago*, No. 18 C 1049, 2020 WL 2092876, at *1 (N.D. Ill. May 1, 2020), is instructive. In *Ezell*, Judge Cole noted that, like here, the defendants were both deceased before

---

² As noted by Judge Wood in *Deleon-Reyes v. Guevara et al.*, No. 18-cv-01028 (N.D. Ill. March 14, 2019) (ECF No. 162), *Stewart* is an unpublished Seventh Circuit order which is not precedential. *Deleon-Reyes* at 3 n. 2. Nonetheless, and despite the fact that Judge Wood ultimately granted plaintiff's motion to appoint a special representative, she also required that plaintiff take several steps to effectuate appointment:

> The Court directs Plaintiffs to confirm that no estate has been opened and no personal representative appointed for either deceased Defendant, and to then file an affidavit confirming the same. Additionally, because the statute directs that the Court should appoint a special representative 'after notice to the party's heirs and legatees as the court directs, 735 ILCS 5/13-209(b)(2), the affidavit should also describe the steps taken to identify and locate next of kin; indicate by name those individuals that Plaintiffs have located; and confirm that Plaintiffs have sent those individuals the complaints, Plaintiffs' instant motion, and this opinion.

*Id*. at 5. While Plaintiff's Motion indicates that Plaintiff has provided written notice of this action to the heirs and legatees of Deceased Defendants, such efforts do not appear to go so far as the steps required by the court in *Deleon-Reyes*.

4

plaintiff sued,³ and plaintiff's reliance upon Federal Rule of Civil Procedure 25(a) was inappropriate because the rule only "provides for substitution of a party when that party dies *after* having been sued." *Id.* at 5. Acknowledging that because "plaintiffs can't manufacture some straw man defendant where there were no living defendants or open estates. . .what the problem plaintiffs have seems to be more of a capacity to be sued problem, as opposed to a substituting of a party problem" which falls under Federal Rule of Civil Procedure 17(b). *Id.*

Ultimately, the court noted that in either case, the court would be directed to Illinois law which "long ago established that a '[a] deceased person cannot be a party to a suit because such is a nonexistent entity and the proceedings are void *ab initio*.'" *Id.* (quoting *Reed v. Long*, 122 Ill. App. 2d 295, 297) (Ill. 1970)); *see also Relf v. Shatayeva*, 998 N.E.2d 18, 24 (Ill. 2013) ("[i]f a person is already dead when an action is asserted against him or her, the proceedings will not invoke the trial court's jurisdiction, and any judgment in the case will be a nullity."); *see also United States v. Stavros*, 2002 WL 31545918, at *2 (N.D. Ill. 2002) (noting that if there is no estate to be sued, a court would ultimately have no authority to adjudicate claims against it); *In re Estate of Gebis*, 186 Ill.3d 188, 196 (1999) (same).⁴

Here, Plaintiff's supplemental briefing concedes that "federal law governs the appointment of a special representative." (ECF No. 73 at 3.) Despite this concession, and Plaintiff's assertion that the "Federal Rules of Civil Procedure are silent about the proper procedure when an individual dies before a complaint is filed," Plaintiff argues in his

---

³ The exhibits attached to Plaintiff's Amended Supplemental Statement suggest that Mr. Ptak passed away over 10 years ago, while Mr. Bajenski passed away in August 2018. (ECF Nos. 82-2, 82-3.)

⁴ Accordingly, there appears to be a good-faith argument that Plaintiff's claims against Deceased Defendants are a nullity in light of the fact that they died prior to the filing of the Complaint in accordance with these principles, and have no capacity to be sued.

5

supplemental briefing that "the federal court is empowered by 42 U.S.C. § 1988 to borrow state procedures to fashion a remedy." (*Id.* at 3-4.)

In support of this argument, Plaintiff relies on *Hardin v. Straub*, 490 U.S. 536 (1989) and *Ward v. Edgeton*¸ 59 F.3d 652, 653 (7th Circ. 1995). Both cases are distinguishable. *Straub* dealt with "whether a federal court applying a state statute of limitations to an inmate's federal civil rights action should give effect to the State's provision tolling the limitations period for prisoners," *Straub*, 490 U.S. at 537, and not the appointment of a special representative where the defendant was deceased prior to the filing of the Complaint. Similarly, as discussed *supra* at 1, *Ward* dealt with a plaintiff who died while an appeal was pending and the Seventh Circuit appeared to base a district court's authority to appoint representatives in the Federal Rules of Appellate Procedure.

In other words, these cases involved circumstances, unlike here, where plaintiffs were not deceased, or died after the action commenced, and the courts relied on 42 U.S.C. § 1988 to borrow state procedures as necessary to "fashion a remedy." However, unlike in *Straub* and *Ward*, where the courts adopted state procedures pursuant to 42 U.S.C. § 1988 and other federal rules governing substitution of parties, the Deceased Defendants here were undoubtedly deceased at the time the Complaint was filed. Therefore, it is unclear that the purpose of 42 U.S.C. § 1988—i.e., to fill in the "gaps" in the federal civil rights acts with state law in order to provide a remedy against Deceased Defendants—would be served in light of the fact that Deceased Defendants died prior to the filing of the Complaint. *Relf*, 998 N.E.2d at 24 ("[i]f a person is already dead when an action is asserted against him or her, the proceedings will not invoke the trial court's jurisdiction, and any judgment in the case will be a nullity."); *Volkmar v. State Farm Mutual Automobile Insurance Co.*, 104 Ill. App.3d 149, 151 (Ill. 2001)

6

("[p]roceedings against an individual who is deceased at the time of the filing of suit are a nullity."); *see also Stavros*, 2002 WL 31545918, at *2 (N.D. Ill. 2002) (noting that if there is no estate to be sued, a court would ultimately have no authority to adjudicate claims against it).[5]

Plaintiff argues that to hold otherwise, i.e., that 42 U.S.C. § 1988, "would be unable to serve his Complaint on the deceased defendants to even begin the litigation process," and "would be left with no remedy against deceased Defendants Bajenki and Ptak for their alleged role in [Plaintiff's] wrongful conviction." (ECF No. 73 at 4.) However, as recognized by Judge Cole in *Ezell*, this premise seems to presuppose that "no matter what, there has to be someone or something for [him] to sue. . . [o]rdinarily it would be defendants' estates that could be sued" but "plaintiffs can't manufacture some straw man defendant where there were no living defendants or open estates." *Ezell*, No. 18-cv-01049 (N.D. Ill. Jan. 17, 2020) (ECF No. 175 at 5-6.)

This presupposition stands in contrast to the Federal Rules of Civil Procedure, and federal law—including the Civil Rights Act—which do not clearly provide a procedural mechanism for Plaintiff's claims to proceed against the Deceased Defendants, and the underlying principal of law that "[i]f a person is already dead when an action is asserted against him or her, the proceedings will not invoke the trial court's jurisdiction, and any judgment in the case will be a

---

[5] Further, 42 U.S.C. § 1988 is intended to fill gaps in federal civil rights acts, "*as long as that law is not inconsistent with federal law*." *Straub*, 490 U.S. at 538 (emphasis added.) However, as noted by Judge Cole in *Ezell*, "[a]lmost implicit in the current motion is the unspoken contention that a terrible wrong allegedly has been committed by two deceased police offers and that the plaintiffs must have their day in court. . . .[b]ut that's not accurate. Even 'the Constitution does not provide a remedy for every wrong that occurs in society.'" *Ezell*, No. 18-cv-01049 (N.D. Ill. Jan. 17, 2020) (ECF No. 175 at 6 n. 7) (quoting *Cooksey v. Boyer*, 289 F.3d 513, 516 (8th Cir. 2002)). Indeed, notably absent from the Federal Rules of Civil Procedure or any federal statutes—including the Civil Rights Act—is the ability to appoint a special representative for a defendant that is deceased prior to the filing of a complaint, or the capacity to sue such a deceased defendant. Surely, if Congress intended for deceased defendants to have the capacity to be sued *post mortem*, vis-à-vis the Civil Rights Act or otherwise, it could have accounted for such a possibility in the law. Therefore, the appointment of a special representative in such instances may be "inconsistent with federal law" and render 42 U.S.C. § 1988 inapplicable in this situation. *Straub*, 490 U.S. at 538.

nullity." *Relf*, 998 N.E.2d at 24; *see also Stavros*, 2002 WL 31545918, at *2 (concluding that the court did not have authority to grant relief against an estate where the estate did not have the capacity to be sued, and no probate estate was opened).

Here, it appears to be undisputed that: (1) the Deceased Defendants died before the filing of the Complaint; (2) the appointment of a special representative is a matter of procedure; (3) matters of procedure are governed by federal law; and (4) federal law does not provide a specific authority or basis for the Court to grant Plaintiff's Motion. As a result, the Court can deny Plaintiff's Motion to the extent that it fails to identify the Court's authority to appoint a special administrator, the Deceased Defendants died before the filing of Plaintiff's Complaint, and there is no one to answer and defend the claims leveled against them by Plaintiff. *See*, *e.g.*, *Wilson v. Sundstrand Corp.*, No. 99 C 6944, 2002 WL 99745, at *4 (N.D. Ill. Jan. 25, 2002) ("A federal court lacks the authority to appoint a special administrator.") (citing *Coleman*, 590 F.Supp. at 39)); *see also In re: Yasmin & Yaz Marketing,* 2010 WL 4608609, *1 ("[T]he appointment of a personal representative for decedent is a probate-type proceeding; such proceedings are typically outside the power of the federal courts.") (citing *Rice v. Rice Foundation*, 610 F.2d 471, 474 (7th Cir. 1979) (recognizing a "judicially created exception [to federal diversity jurisdiction] which places matters of probate and estate administration outside the power of the federal courts").[6]

---

[6] Similarly, the Seventh Circuit has held that even when federal jurisdiction exists "a federal court nonetheless lacks jurisdiction over cases involving probate matters," *Storm v. Storm*, 328 F.3d 941, 943 (7th Cir. 2003), which further calls into on whether the Court has the authority to grant the relief requested in Plaintiff's Motion, or whether such a request is more properly made to a probate court. *See*, *e.g.*, *Vollalobosv. Castaneda*, 2013 WL 5433795, at *1 n. 1 (N.D. Ill. 2013) (a party in a federal lawsuit seeking an appointment of a special administrator "must obtain from the appropriate probate court an order of appointment.").

## II. It Is Unclear Whether 735 ILCS § 13-209(b) Or 735 ILCS § 13-209(c) Should Apply To Plaintiff's Motion, And Whether Plaintiff Has Satisfied His Burden Under Either Section

Even assuming, *arguendo*, that the Court has the authority to grant Plaintiff's Motion, Plaintiff nonetheless faces obstacles to meet his burden for appointment of a special representative.

Plaintiff's Motion is made pursuant to Section 209(b)(2), which states:

> (b) If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred:
>
> (2) if no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims.

735 ILCS 5/13-209(b)(2).

*First*, as recognized in this Court's previous order, "some state courts in Illinois have interpreted 735 ILCS 5/13-20(b) to apply in cases only where the plaintiff was aware of the defendant's death at the time plaintiff commenced the action." (ECF No. 65 at 1) (citing *Relf*, 998 N.E. 2d 17; *Mendrala v. Coghlan*, 2018 Ill. App. 3d 3170040-U (Ill. App. Ct. June 12, 2018)). In *Relf*, the Illinois Supreme Court held that "[t]he provisions of section 13-209(b) *presuppose that the plaintiff is aware of the defendant's death at the time he or she commences the action.*" *Relf*, 998 N.E. 2d at 25 (emphasis added.) Further, the court noted that "[a] separate set of requirements apply where, as in this case, the defendant's death is not known to plaintiff before expiration of the limitations period and, unaware of the death, the plaintiff commences the

9

action against the deceased defendant directly. . . .This scenario is governed by section 13-209(c)." *Id.*

Here, the record at issue calls into question whether Plaintiff was aware of the Deceased Defendants' deaths before the filing of the Complaint, and as a result, whether Section 13-209(b) or Section 13-209(c) would apply. Specifically, Plaintiff's Motion states that Plaintiff's counsel learned that Defendants Bajenski and Ptak were deceased "[w]hile attempting to serve the named Defendants in this matter"—implying that Plaintiff learned that Defendants were deceased *after* the filing of the Complaint. (ECF No. 55, ¶ 2.). Plaintiff's Supplemental Statement appears to reiterate that Plaintiff learned that Defendants were deceased after filing the Complaint when sending a waiver of service to defense counsel. (ECF No. 74.) However, in turn, Plaintiff's Amended Supplemental Statement suggests that Plaintiff's counsel may have learned of at least Mr. Ptak's death in an unrelated litigation, *Kluppelberg v. Burge*, 13-cv-03963 (ECF No. 82.)[7]

Based on a plain reading of *Relf*, if Plaintiff was indeed aware that Defendants were deceased when he filed his Complaint, then Section 13-209(b) would apply. If not, Section 13-2019(c) would arguably apply. In the event that Section 13-209(b) applies, this provision only permits appointment of a special representative if "a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred." Here, while Plaintiff's supplemental briefing argues that the Deceased Defendants died before the statute of limitations on Plaintiff's claims ran, and Plaintiff's claims "survive," this is not necessarily a foregone conclusion and Plaintiff's Motion does not provide any authority or factual support for these propositions— which may require further examination by the Court and factual development by the parties to

---

[7] Mr. Ptak passed away over 10 years ago, while Mr. Bajenski passed away in August 2018. (ECF Nos. 82-2, 82-3.)

determine whether these prerequisites under Section 13-209(b) have been satisfied. For example, in *Ezell*, Magistrate Judge Cole noted:

> While plaintiffs contend that their claims against Officer Coughlin and Officer Fine survive the defendants' deaths, the two Seventh Circuit cases they rely on say only that such claims survive the death of the *plaintiff*. For obvious reasons, the death of a plaintiff with a claim is not the same type of thing as the death of a defendant, who is allegedly responsible for a wrong.
> \*\*\*
> It is important to stress that under Illinois law, personal injury actions survive the death of the defendant, but *only if* not otherwise barred by an estate claim period. Plaintiffs brief and reply brief ignore this proviso, and also ignore the clause in Section 209(b) about appointment of a representative only if the surviving claim is 'not otherwise barred.'

*Ezell v. City of Chicago, et al.*, No. 18-cv-01049 (N.D. Ill. Jan. 17, 2020) (ECF No. 175 at 7-8) (internal quotations and citations omitted.) As a result, the court in *Ezell* noted that once the deceased defendants died, plaintiffs had two years to sue their estates. *Id.* (citing *Stewart*, 559 F. App'x at 548) ("[T]he application of Illinois law would bar [plaintiff's] suit unless the estate is covered by liability insurance because [defendant] died more than two years before [plaintiff] filed his complaint.");[8] 755 ICSA 5/18-12 ("all claims which could have been barred under this Section are, in any event, barred 2 years after decedent's death, whether or not letters of office are issued upon the estate of the decedent.")). Ultimately, the court held that because plaintiffs knew that one of the officers was deceased seven years before the complaint was filed, it must have occurred to them that the limitation on claims against the estate had expired. Similarly, as to the other officer, despite plaintiff not knowing that he was deceased at the time of filing, the court found that he had no capacity to be sued, and therefore, the suit against him was a nullity.[9]

---

[8] While Plaintiff's Motion indicates that any recovery against Deceased Defendants "shall be limited to any liability insurance or indemnification proceeds protecting the estates," Mot. at ¶ 11, the Motion provides no basis as to whether such insurance or indemnification proceeds actually exists.

[9] The undersigned does not intend to specifically advance the argument that Plaintiff's claims against the Deceased Defendants "survive," or are definitively "otherwise barred" by the statute of limitations—as

11

In sum, in light of the Illinois Supreme Court's holding in *Relf* that the provisions of Section 13-209(b) "presuppose that the plaintiff is aware of the defendant's death at the time he or she commences the action," there is doubt as to whether: (1) this provision even applies based on the current factual record in light of the uncertainty as to when Plaintiff actually learned that the Deceased Defendants were deceased; and (2) whether Plaintiff has satisfied his burden that the requirements of this section have been satisfied—specifically, whether Plaintiff's claims "survive," and are "not otherwise barred"—as these issues are not fully developed or addressed in Plaintiff's Motion and supplemental briefing. *See* 735 ILCS 5/13-209(b)(2).

*Second*, if Plaintiff's assertion in his Motion that he was unaware of the Deceased Defendants deaths until *after* the filing of the Complaint is true, then Plaintiff's Motion may have invoked the wrong provision and Section 13-209(c) would arguably apply. *See Relf*, 998 N.E. 2d at 25 ("[a] separate set of requirements apply where, as in this case, the defendant's death is not known to plaintiff before expiration of the limitations period and, unaware of the death, the plaintiff commences the action against the deceased defendant directly. . . .This scenario is governed by section 13-209(c).)" Section 13-209(c) states:

> (c) If a party commences an action against a deceased person whose death is unknown to the party before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's personal representative if all of the following terms and conditions are met:
>
> (1) After learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant.

---

this is likely outside the scope of the Court's limited appointment of the undersigned as *amicus curaie*—but rather simply to illustrate that further factual and legal development may be necessary on these issues of law and fact in order for the Court to determine whether Plaintiff has satisfied the requirements of Section 13-209.

12

>(2) The party proceeds with reasonable diligence to serve process upon the personal representative.
>
>(3) If process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance.
>
>(4) In no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action.
> permits commencing an action against the deceased person's personal representative

735 ILCS 5/13-209(c).

Since Plaintiff has not sought relief under this provision, and does not explain whether the requirements of this section have been met, it is also unclear based on the record whether this section would permit the relief requested in Plaintiff's Motion. For example, while Plaintiff's Motion states that it will "promptly comply" with the requirements of this section in the event that the Court grants its Motion, Mot. at ¶ 10, Plaintiff's assertion to this effect raises more questions than it answers considering Plaintiff has not sought relief under this section, and also presupposes that those requirements have not yet been satisfied. Moreover, Section 13-209(c), like Section 13-209(b), also requires that the claims "survive," and are "not otherwise barred" as discussed above. Finally, while the Motion indicates that any recovery against Deceased Defendants "shall be limited to any liability insurance or indemnification proceeds protecting the estates," Mot. at ¶ 11, the Motion provides no basis as to whether such insurance or indemnification proceeds actually exist. In such circumstances, courts have held that "it would be inefficient to appoint a special representative if there were no proceeds of liability insurance to recover" because an action against an uninsured estate or individual "would be futile." *Tamburo*, 2012 WL 104545, at *4; *see also Stewart v. Evanston Ins. Co.*, 2015 WL 6407210, at

13

*7 (N.D. Ill. Oct. 21, 2015) ("under Illinois law, a suit against the estate would be barred unless it was covered by liability insurance.").

## CONCLUSION

*Amicus curaie* respectfully submits the foregoing in accordance with the Court's Order appointing the undersigned to appear for the limited purpose of providing a response in opposition to Plaintiff's Motion in accordance with counsel's trial bar obligations under Local Rule 83.37.

**DATED: September 28, 2020**　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　By: /s/ *Thomas E. Ahlering*


Thomas E. Ahlering
tahlering@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:　(312) 460-5000
Facsimile:　(312) 460-7000

**CERTIFICATE OF SERVICE**

    I, the undersigned attorney, hereby certify that I served a copy of the foregoing upon counsel of record, by electronic filing using the CM/ECF system, which will send notification of such filing to all counsel of record on this 28th day of September, 2020.

/s/ *Thomas E. Ahlering*
Thomas E. Ahlering

65979661v.1