# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MATTHEW SOPRON,

    Plaintiff,

v.

FORMER ASSISTANT STATE'S
ATTORNEY SCOTT CASSIDY,
FORMER ASSISTANT STATE'S
ATTORNEY NEIL LINEHAN,
FORMER ASSISTANT STATE'S
ATTORNEY COLLEEN HYLAND,
FORMER ASSISTANT STATE'S
ATTORNEY LAURA SUFFIELD,
INVESTIGATOR LEONARD
BAJENSKI, INVESTIGATOR
WILLIAM MARLEY, INVESTIGATOR
NORFIE DICIOLLA, INVESTIGATOR
THOMAS PTAK, INVESTIGATOR K.
MAICKE, INVESTIGATOR L.
MCDONALD, THE COUNTY OF
COOK, DETECTVE GEORGE
HOLMES, DETECTIVE THOMAS
ARGENBRIGHT, SERGEANT A.
GRAFFEO, THE CITY OF CHICAGO,
And UNKNOWN EMPLOYEES OF
THE CITY OF CHICAGO,

    Defendants.

No. 19-cv-08254

Judge John F. Kness

## MEMORANDUM OPINION AND ORDER

In 1995, an Illinois jury found Plaintiff Matthew Sopron guilty of murdering two thirteen-year-old girls, Helena Martin and Carrie Hovel. A state judge sentenced Plaintiff to life in prison. On December 18, 2018, the Circuit Court of Cook County

vacated Plaintiff's conviction after three trial witnesses, who originally implicated Plaintiff in the murder, stated at his postconviction proceedings that they had been coerced by Defendants to testify against Plaintiff.

On December 17, 2019, Plaintiff brought this lawsuit, in which he sets forth various federal- and state-law claims against officers of the Chicago Police Department, Assistant State's Attorneys and Investigators, the City of Chicago, and Cook County. Plaintiff alleges that Defendants violated Plaintiff's constitutional rights and caused his wrongful conviction and resulting incarceration by conspiring to frame him, despite their knowledge of Plaintiff's innocence, and by coercing three individuals to implicate Plaintiff falsely in the murders.

On April 13, 2020, Plaintiff filed an Unopposed Motion to Appoint a Special Representative for the now-deceased Defendants Leonard Bajenski and Thomas Ptak. (Dkt. 55.) Plaintiff alleged—incorrectly, it turns out—that, while "attempting to serve the named Defendants in this matter, Plaintiff's counsel learned that Defendants Bajenski and Ptak are deceased." (*Id.* ¶ 2.) On September 30, 2021, the Court granted Plaintiff's motion and advised that this opinion providing the reasons for that ruling would follow. (Dkt. 119.)

At issue is the source of authority for the Court to appoint a "special representative" on behalf of a deceased defendant. As explained below, the Court finds that either 42 U.S.C. § 1988 or Rule 17 of the Federal Rules of Civil Procedure authorized the Court to apply a provision of Illinois statutory law—735 ILCS 5/13-209—and appoint a special representative for the deceased Defendants for purposes

of defending this suit. Because Plaintiff had knowledge—imputed to him by Plaintiff's counsel—of the named Defendants' deaths at the time Plaintiff filed his cause of action "that is not otherwise barred," Plaintiff falls under the coverage of Section 13-209(b)(2). Accordingly, the appointment of a special representative is warranted.

## I.    BACKGROUND

Defendants Leonard Bajenski and Thomas Ptak, named in the complaint filed on December 17, 2019, are deceased. Bajenski died in August 2018, and Ptak died over ten years ago. (Dkt. 82-2; Dkt. 82-3.) On April 13, 2020, Plaintiff filed an unopposed motion to appoint a special representative on behalf of the deceased Defendants. (Dkt. 55.) In the motion, Plaintiff stated, through counsel, that he first learned of Bajenski's and Ptak's deaths while attempting to serve them. (Dkt. 55 ¶ 2.)

Plaintiff reaffirmed that representation in his May 29, 2020, supplemental statement. (Dkt. 74.) In the supplemental statement, Plaintiff stated that "[i]n the course of serving the Defendants . . . Plaintiff's counsel . . . was informed by defense counsel on January 2, 2022[,] that Defendants Bajenski and Ptak are deceased." (*Id.* at 1.) Plaintiff also stated at that time (and continues to maintain) that he cannot locate an estate for either Bajenski or Ptak. (Dkt. 55 ¶ 3; Dkt. 73 at 5; Dkt. 113 at 3–4, 7.) No other party is aware of the deceased Defendants' estates. (Dkt. 55 ¶ 3.)

The record is murky as to when Plaintiff learned that Bajenski and Ptak are both deceased. This murkiness is relevant because, as some courts have held, the timing of actual knowledge of a parties' death is relevant to the merits of a motion for appointment of a special representative under Section 13-209. *See, e.g.*, *Relf v.*

3

*Shatayeva*, 998 N.E.2d 18, 25 (Ill. 2013) (timing of plaintiff's awareness of defendant's death is relevant to application of Section 13-209(b)); *Stewart v. Evanston Ins. Co.*, 2015 WL 6407210, at *18 (N.D. Ill. Oct. 21, 2015) ("This court reads *Relf* as holding that the plaintiff's mental state at the time of initially filing the action is the relevant inquiry for determining which section [of Section 13-209] applies.").

On June 8, 2020, Plaintiff filed an Amended Supplemental Statement "to clarify the record"; in that document, Plaintiff finally admitted that attorneys "from Plaintiff's law firm, Loevy & Loevy, had previously learned of Mr. Ptak's death in unrelated litigation"; namely, the now years-old case of *Kluppelberg v. Burge*, 13-cv-03963 (N.D. Ill.). (Dkt. 82. at 1.) Counsel explained that, although "attorneys from Loevy & Loevy represented both Mr. Kluppelberg and Mr. Sopron, the attorneys and paralegals assigned to represent Mr. Sopron were unaware of Mr. Ptak's death in the Kluppelberg litigation." (*Id.* at 1–2.) A footnote further explained that "Mr. Ainsworth [who filed an appearance in this case] did file an appearance in the *Kluppelberg* matter, but only got involved in that litigation when the matter was getting ready for trial . . . [,] was not involved in the early briefing involving Mr. Ptak in that matter[,] and was unaware that Mr. Ptak was a deceased defendant in both actions." (*Id.* at 2, n.1.)

Plaintiff's motion muddied the waters by quoting from both Sections 13-209(b) and 13-209(c),[1] each of which applies to different situations based on when a plaintiff

---

[1] Plaintiff cited to Section 13-209 generally for the proposition that "Illinois provides for the appointment of a special representative for purposes of defending an action that survives a defendant's death." (Dkt. 55 ¶ 5). Plaintiff's counsel then cited to 13-209(b)(2) for the proposition that it "has provided written notice of this action to the heirs or legatees of

learns of a deceased defendant's death. Plaintiff added more uncertainty by using the terms "special representative," "special administrator," and "personal representative" interchangeably throughout his motion. (*See* Dkt. 55). Plaintiff did, however, correctly recognize later that a personal representative "is not synonymous with 'special representative'" (this issue is addressed below). (Dkt. 73 at 7); *Relf*, 998 N.E.2d at 27–28 ("Plaintiff would have us treat 'personal representatives' and 'special representatives' as interchangeable, but [Plaintiff's] approach is incompatible with the history of section 13-209").[2]

Under the statute, the term "special representative" is a term of art and applies only when "no petition for letters of office for the decedent's estate has been filed," *see* 735 ILCS 5/13-209(a)(2), (b)(2). By contrast, "representative" or "personal representative" (also terms of art) apply in all other situations, "which by inference must be whenever petitions for letters of office *have* been filed." *Relf*, 998 N.E.2d at

---

Defendants Bajenski and Ptak, pursuant to Illinois law." (*Id.* ¶ 9.) Plaintiff also cited to 13-209(c)(1)–(2) and promised to "promptly comply with all Illinois law requirements governing the substitution of a special representative as defendant and will act 'with reasonable diligence to serve process upon the personal representative'" (*id.* ¶ 10), conditions required only under 209(c). Finally, Plaintiff cited to 209(b)(2) again for the proposition that "[r]ecovery against Defendants Bajenski and Ptak shall be limited to any liability insurance or indemnification proceeds protecting the estates and shall not bar the estates from enforcing any claims that might have been available to it as counterclaims." (*Id.* ¶ 11.)

[2] Before its amendment by Public Act 90-111 in 1997, Section 13-209 referred only to actions against "personal representatives." *See* 735 ILCS 5/13-209 (West 1996). The 1997 amendment added new provisions allowing appointment of "special representatives" to bring or defend actions only where no petition for letters of office has been filed. *See* 735 ILCS 5/13-209(a)(2) (West 2010) ("if no petition for letters of office for the decedent's estate has been filed"); 735 ILCS 5/13-209(b)(2) (West 2010) ("if no petition has been filed for letters of office for the deceased's estate"). By adding "the new term 'special representative' and expressly limiting use of 'special representatives' to situations where no petition for letters of office had been filed, the General Assembly must have understood the preexisting statutory term 'personal representatives' as referring to individuals to whom letters of office had been issued." *Relf*, 998 N.E.2d at 28.

27. Plaintiff eventually asked the Court "pursuant to 735 ILCS 5/13-209(b)" to appoint a special representative. (Dkt. 73 at 1.) Plaintiff argued that Section 209(c) "is inapplicable" because it "controls situations where a plaintiff does not discover the defendant's death until after the expiration of the statute of limitations" (*Id.* at 7.) This opinion will therefore proceed as if Plaintiff originally moved only under Section 13-209(b).

In view of the unopposed nature of Plaintiff's motion (no party spoke for the interests of the two deceased Defendants) and the uncertainty over a number of significant issues and facts, such as the legal status of the estates, a federal court's authority to appoint a special representative, and the application of Section 13-209 in such circumstances, the Court appointed lawyer Thomas E. Ahlering under Local Rule 83.37 to appear as *amicus curiae* for the limited purpose of providing a response in opposition to Plaintiff's motion. (Dkt. 105.)[3] Following a period of briefing, the Court granted Plaintiff's unopposed motion to appoint Veronica Lopez as special representative for the deceased Defendants and noted that this opinion would follow. (Dkt. 119.)

## II.  DISCUSSION

Rule 25(a)(1) of the Federal Rules of Civil Procedure governs substitution of parties. It provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). A deceased

---

[3] The Court thanks Mr. Ahlering for his service, which has concluded, and finds that Mr. Ahlering has satisfied his case representation obligation as a member of the Court's trial bar. Accordingly, the Court considers Mr. Ahlering's appearance withdrawn under Local Rule 83.17.

person "cannot be a party to a suit because such is a non-existent entity and the proceedings are void *ab initio*." *Ezell v. City of Chicago*, 2020 WL 535130, at *3 (N.D. Ill. Jan. 17, 2020) (quoting *Reed v. Long*, 259 N.E.2d 411, 412 (1970)). Accordingly, Rule 25(a)(1) does not apply when, as is the case here, a person for whom substitution is sought died before being named a party. *See id.* ("[I]f a person is already dead when an action is asserted against him or her, the proceedings will not invoke the trial court's jurisdiction, and any judgment entered in the case will be a nullity" (quoting *Relf*, 998 N.E.2d at 24)). The Federal Rules of Civil Procedure are otherwise silent about the proper procedure for appointing a special representative for a defendant that is deceased prior to the filing of a complaint.

But Congress has empowered federal courts to borrow state procedures for claims arising under 42 U.S.C. § 1983 where federal law is "deficient in the provisions necessary to furnish suitable remedies and punish offenses against law." 42 U.S.C. § 1988(a). When civil rights are at issue, a federal court must look to "the common law . . . and statutes of the State" where it sits, to the extent such law is not inconsistent with the Constitution or federal law. 42 U.S.C. § 1988; *Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 549 (7th Cir. 2014) ("[t]he district court may appoint a 'special administrator' consistent with Illinois law" if a state judge has not opened an estate); *Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) (Section 1988 actions authorize federal courts to borrow from state law as necessary to provide a complete remedy in § 1983 actions). Section 13-209 addresses the problem that "might result when a party by or against whom a cause of action might

be brought dies before the otherwise applicable limitations period has expired." *Relf*, 998 N.E.2d at 25.

Other judges in this District have previously relied on Rule 17 of the Federal Rules of Civil Procedure to reach the same conclusion. *E.g.*, *Amor v. John Reid & Assocs.*, 2021 WL 825609, at *2–4 (N.D. Ill. Mar. 4, 2021) (applying Section 13-209(b)(2)); *Ezell*, 2020 WL 535130, at *3 ("it does appear that, in either [Rule 25 or Rule 17 applications], the court would be directed to Illinois law"). Rule 17(b)(3) provides that, for parties who are not live individuals or corporations, the party's "[c]apacity to sue or be sued is determined . . . by the law of the state [Illinois] where the court is located." Fed. R. Civ. P. 17(b)(3). Under either approach the Court is directed to Illinois law.

Section 13-209 is divided into three subsections. Subsection (a) governs when and how a case may proceed where, unlike here, a plaintiff dies before the expiration of the limitations period. Subsection (b) provides the procedures and time requirements that must be followed in situations where a person against whom an action may be filed dies before the limitations period runs out, the action survives the person's death, and it is not otherwise barred. Specifically, subsection (b) provides:

> If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred:
>
> (1) an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death;
>
> (2) if no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court

directs and without opening, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims.

735 ILCS 5/13-209(b).

In contrast, subsection (c) "deals specifically and unambiguously" with the situation where a party has commenced an action against a deceased person and that person's death is unknown to the party before the statute of limitations expires. *Relf*, 998 N.E.2d at 26. Specifically, subsection (c) provides:

If a party commences an action against a deceased person whose death is unknown to the party before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's personal representative if all of the following terms and conditions are met:

(1) After learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant.
(2) The party proceeds with reasonable diligence to serve process upon the personal representative.
(3) If process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance.
(4) In no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action.

735 ILCS 5/13-209(c).

In other words, Section 209(c) offers a safe harbor for plaintiffs to preserve their claim against a person, whose death is unknown to the party until *after* the statute of limitation expires, by substituting the decedent's name in the complaint (a

9

non-existent entity) with an already-appointed "personal representative." *Relf*, 998 N.E.2d at 24 ("If a person is already dead when an action is asserted against him," which would otherwise "not invoke the trial court's jurisdiction," the claim "remain[s] viable if and only if plaintiff's subsequent action in substituting [the defendant] operated to preserve plaintiff's otherwise untimely cause of action."); *Deleon-Reyes v. Guevara*, 2019 WL 1200348, at *2 n.3 (Mar. 14, 2019). This allows a plaintiff to proceed directly against a personal representative, subject to the four listed conditions, despite the plaintiff's claim being otherwise be untimely. *Relf*, 998 N.E.2d at 23.

Section 209(b), however, is at least arguably ambiguous, and judges in this District have taken different approaches in applying *Relf*'s gloss on that statute. *Compare Deleon-Reyes*, 2019 WL 1200348, at *2 n.3 (reading *Relf* as suggesting "that Section 209(b) applies" if a plaintiff is aware of the "defendant's death before the expiration of the statute of limitations," while Section 209(c) applies where if the plaintiff learns of the death after the limitations period has run) *with Stewart*, 2015 WL 6407210, at *18 ("[I]f the plaintiff is not aware that the defendant is dead when filing the action, 13-209(c) applies and 13-209(b) does not."). At the heart of this confusion lies this statement in *Relf*: "The provisions of section 13-209(b) presuppose that the plaintiff is aware of the defendant's death at the time he or she commences the actions." *Relf*, 998 N.E.2d at 25.

In *Deleon-Reyes*, Judge Wood found *Relf*, when read in context and along with the statute's text, to mean that Section 209(b) applies where a plaintiff is aware of

the defendant's death before the expiration of the statute of limitations. *Deleon-Reyes*, 2019 WL 1200348, at *2 n.3. Section 13-209(b) conditions its application to situations where the "person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof and the cause of action survives, and is not otherwise barred." 735 ILCS 5/13-209(b). *Relf* distinguished Sections 209(b) and 209(c) by focusing on whether plaintiff knew of the defendant's death "before the expiration of the limitations period." *Relf*, 998 N.E.2d at 25.[4] Relying on this distinction and on the plain language of the statute, Judge Wood found that the statute does not support a facial application of *Relf*'s arguably ambiguous statement. *Deleon-Reyes*, 2019 WL 1200348, at *2 n.3 ("when a statute can be applied as written, a court should so apply it and avoid interpreting it in a manner that leads to absurd results" (citing *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 642 (7th Cir. 2012))).

*Stewart*'s alternative approach instead applies Section 209(b) when the plaintiff is aware of the death at the time of filing and applies 209(c) only when the plaintiff is unaware of the death until after the expiration of the limitations period. 2015 WL 6407210, at *18. *Deleon-Reyes* takes issue with that approach, explaining that then the statute would not provide any recourse for a plaintiff that became aware of the death after the action was commenced but before the statute of limitations expired. *Deleon-Reyes*, 2019 WL 1200348, at *2 n.3. As here, the plaintiff in *Stewart* alleged to have discovered the death of a named defendant after filing the complaint.

---

[4] The plaintiff's knowledge at the time of filing may have also been relevant in *Relf* because the plaintiff filed its action at the same time as the statute of limitations ran. *Relf*, 998 N.E.2d at 21 (action was filed "just as the two-year statute of limitations for personal injury actions [] was about to expire").

*Stewart*, 2015 WL 6407210, at *18. *Stewart* explained that *Relf* "unequivocally" held that 209(b) applies only when the plaintiff is aware of the death at the time of filing, "which this [C]ourt is bound to defer to in matters of Illinois statutory interpretation." *Id.* For this reason, *Stewart* held that the plaintiff was not entitled to appointment of a special representative because it did not know of the death at the time of filing. *Id.*

Plaintiff argues that Section 13-209(b) applies because his claims were timely filed and Bajenski and Ptak died before the statute of limitations otherwise ran. (Dkt. 73.) According to *Deleon-Reyes v. Guevara*, Plaintiff is correct so long as he discovered the deaths before the statute of limitations expired. 2019 WL 1200348, at *2. Plaintiff seeks to avoid *Stewart*'s application of *Relf*, which would require that Plaintiff knew of the deaths when filing his otherwise timely complaint.

Moreover, the question of when the statute of limitations expires in this case is also relevant to the application of Sections 209(b) and 209(c). Each subsection requires that "the cause of action survives, and is not otherwise barred." 735 IILCS 5/13-209(b)(c). And because the expiration of the statute of limitations may play a role in which subsection to apply, it is important to determine when the claims expire. *Relf*, 998 N.E.2d at 24. As Plaintiff recognizes, "the issue between § 209(b) and (c) as to whether the plaintiff became aware of the defendants' death before or after commencing the action" is "[i]ntertwined with the issue of whether [he] discovered the death before or after the statute of limitations expires." (Dkt. 73 at 7.)

Although Plaintiff's motion for appointment of a special representative was unopposed, the timeliness of certain of Plaintiff's claims against 11 of the 16

Defendants was the subject of five pending motions to dismiss, including one filed by Ms. Lopez on behalf of Bajenski and Ptak,[5] and raised by the *amicus* filed on behalf of Bajenski and Ptak.[6] Plaintiff also did not address in any of the two rounds of briefing for the motion for a special representative why his cause of action "survives, and is not otherwise barred." (*See* Dkt. 55; Dkt. 73; Dkt. 113.) Instead, Plaintiff asserted that "[t]he statute of limitations on Plaintiff's actions [would] not run until December of 2020." (Dkt. 73 at 8.) No Defendant opposed Plaintiff's motion—which further suggests the timeliness of at least one of Plaintiff's claims. Accordingly, the Court assumes that, as Plaintiff urges and Defendants do not rebut, at least one of Plaintiff's claims against the deceased Defendants did not run until December of 2020. Accordingly, the Court addresses why Plaintiff is entitled to appointment of a special representative.

Plaintiff sought appointment of a special representative on behalf of Bajenski and Ptak under Section 209(b)(2). It is appropriate first to address why Plaintiff is

---

[5] All pending motions to dismiss challenged the timeliness Plaintiff's Section 1983 unlawful pretrial detention claim under the Fourth and Fourteenth Amendment (Count II), and some challenged the timeliness of Plaintiff's claim for intentional infliction of emotional distress under state law (Count VII). (Dkt. 39 (motion by former Chicago Police Officers Thomas Argenbright, A. Graffeo, and George Holmes); Dkt. 42 (motion by the Chicago Police Department); Dkt. 78 (motion by former Cook County State's Attorneys Colleen Hyland, Laura Suffield, and Neil Linehan); Dkt. 80 (motion by former Cook County State's Attorneys Investigators William Marley, Norfie Diciolla, K. Maicke, and L. McDonald); Dkt. 134 (motion by Ms. Lopez on behalf of Bajenski and Ptak).)

[6] The amicus did not "advance the argument that Plaintiff's claims against the Deceased Defendants 'survive,' or are definitively 'otherwise barred' by the statute of limitations . . . but rather simply [] illustrate[d] that further factual and legal development may be necessary on these issues of law and fact in order for the Court to determine whether Plaintiff has satisfied the requirements of Section 13-209." (Dkt. 112 at 11 n.9.)

not entitled to bring this motion under subsection (c) before addressing the challenges that accompany the application in this circumstance of subsection (b).

      *i.   Section 13-209(c)*

Section 13-209(c) "deals specifically and unambiguously" with the situation where a party has timely commenced an action against a person whose death is unknown to the party until *after* the statute of limitation expires. *Relf*, 998 N.E.2d at 26; *Deleon-Reyes*, 2019 WL 1200348, at *2 n.3; *Stewart*, 2015 WL 6407210, at *18; *see* 735 ILCS 5/13-209(c). Plaintiff timely filed a cause of action and represented, at least initially, not to have discovered Bajenski or Ptak's death until January 2, 2020— before the statute of limitations for Count I undisputedly expired in December 2020. For this reason, Plaintiff argues that Section 13-209(c) does not apply. (Dkt. 73 at 1.) Even if the Court agrees with Plaintiff as to when he learned of the Defendants' deaths, Plaintiff is not entitled to litigate under Section 13-209(c) because the deaths of both Defendants were known to Plaintiff before the statute of limitations expired. *See* 735 ILCS 5/13-209(c).[7] Because Plaintiff cannot move under Section 13-209(c), Plaintiff's only recourse for an action filed against a deceased person—a proceeding that would otherwise be "a nullity," *Ezell*, 2020 WL 535130 at *3 (quoting *Volkmar v.*

---

[7] In addition, "[i]n no event can a party commence an action under [Section 209(c)] unless a personal representative is appointed and an amended complaint is filed within two years of the time limited for the commencement of the original action." 735 ILCS 5/13-209(c)(4). The statute refers to "special representative" only when "no petition for letters of office for the decedent's estate has been filed," *see* 735 ILCS 5/13-209(a)(2), (b)(2), and "representative" or "personal representative" in all other situations, "which by inference must be whenever petitions for letters of office *have* been filed." *Relf*, 998 N.E.2d at 27. Plaintiff has consistently represented to the Court that no estate has been opened on behalf of either of the deceased defendants. Plaintiff, therefore, cannot rely on Section 209(c).

14

*State Farm Mut. Auto. Ins. Co.*, 432 N.E.2d 1149, 1151 (Ill. App. Ct. 1982))—is to meet the requirements of Section 13-209(b).

> ii.      *Section 13-209(b)(1)*

Regardless of when Plaintiff learned of Defendants' deaths(that issue is addressed below), the language of Section 13-209(b)(2) is clear: "if no petition has been filed for letters of office for the deceased's estate, [then] the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action." 735 ILCS 5/13-209(b)(2). If, however, an estate has been opened for the decedent and a personal representative has been appointed by the court, the "action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death." *Relf*, 998 N.E.2d at 22; 735 ILCS 5/13-209(c). Accordingly, a district court may appoint a "special representative" only if a state court has not already opened an estate; otherwise, Plaintiff must sue the already appointed personal representative. *Stewart*, 559 F. App'x at 548; *see* 735 ILCS 5/13-209(b).

Plaintiff's counsel consistently maintain that they are unable to locate an estate opened for either Bajenski or Ptak. (Dkt. 55 ¶ 3 ("Plaintiff's attorneys have been unable to locate an estate being opened at any time for either Defendants Bajenski or Ptak"); Dkt. 73 at 5 ("Upon information and belief, based on a review of the Cook County Clerk's probate court docket (based on internet search, this is the

County where Defendants died), no letters of office issued for the decedents' estates, nor has a personal representative been appointed by the Probate Court"); Dkt. 113 at 3–4, 7 (same).) At stake for Plaintiff is that Section 13-209(b)(1)—which only applies if a petition has been filed for letters of office and a personal representative appointed—limits claims filed to "6 months after the person's death." *See* 735 ILCS 5/13-209(b)(1); *Relf*, 998 N.E.2d at 23 (Because "plaintiff could have preserved her claims . . . by bringing the action against the personal representative appointed by the court in the probate proceedings and doing so within six months of [his] death[, and] plaintiff did neither of those things[,] [S]ection 13-209(b)(1) could not be applied here").

As both Bajenski and Ptak died more than six months before Plaintiff filed his motion on April 20, 2021, Plaintiff has no recourse against the deceased Defendants if an estate had been opened and a personal representative appointed. Taking Plaintiff's counsel at their word—that no estate has been filed for either Bajenski or Ptak—Section 209(b)(1) does not apply.

iii.     *Section 13-209(b)(2)*

Turning finally to Section 13-209(b), the application of that provision in this District has been varied. *Compare Brown v. City of Chicago*, 2020 WL 4696624 (N.D. Ill. Jan. 28, 2020) (motion for appointment of special representative under Section 13-209(b)(2) granted where plaintiff learned of deaths after filing the complaint); *Deleon-Reyes*, 2019 WL 1200348 (same); *Pursley v. City of Rockford*, 2019 WL 4918139 (N.D. Ill. June 5, 2019) (same, motion unopposed) *with Stewart*, 2015 WL

6407210 (denying the motion where plaintiff was not aware of the death at the time of filing). Although the Court agrees with the overarching sentiment in *Stewart*—that "this court is bound to defer to [the Supreme Court of Illinois] in matters of Illinois statutory interpretation"—the Court need not engage in the messy business of interpreting *Relf*. That is for a simple but compelling reason: Plaintiff did have knowledge—imputed to him by his counsel—of Bajenski's and Ptak's deaths at the time of filing. Accordingly, the requirements of *Relf* are satisfied in either event.

It is unclear why Plaintiff's counsel initially maintained they were not aware of Bajenski's and Ptak's deaths. The Chicago Sun-Times published a readily accessible obituary for Ptak more than ten years ago;[8] and an obituary for Bajenski is available at an online database entitled "Find a Grave." (Dkt. 74-2; Dkt. 74-3). Plaintiff's counsel are, as Magistrate Judge Cole recognized just last year in another case, "to say the least, quite experienced in handling these types of proceedings against police officers." *Ezell*, 2020 WL 535130, at *2. As here, the plaintiff's counsel in *Ezell* personally named deceased police officers as defendants in a Section 1983 suit and "did not conduct a simple internet search which ought to have led them directly to" the website listing the name of deceased police officers.[9] *Id*.

---

[8] Plaintiff represents Exhibit B, attached to its Amended Supplemental Statement, to be a screenshot of the Chicago Sun Times obituary for Thomas H. Ptak. (Dkt. 82-2; *see* https://legacy.suntimes.com/us/obituaries/chicagosuntimes/name/thomas-ptak-obituary?pid =142648366 (published May 10–11, 2010).) And although they maintain they were not aware of Bajenski's and Ptak's deaths until they tried to serve both Defendants, Plaintiff's attorneys admit that, "[f]ollowing a search on the Internet," they were able to determine not only that Bajenski and Ptak are deceased but also the County in which they died. (Dkt. 73 at 5, n.1.)

[9] With full acknowledgment that lawyers and judges often make mistakes, and bearing in mind Alexander Pope's observation that "[t]o err is human; to forgive, divine," Alexander Pope, *An Essay on Criticism* (1711), the slapdash conduct of Plaintiff's counsel in bringing

But whether Plaintiff "*should* have known of" Bajenski's and Ptak's deaths is "not the question." *Relf*, 998 N.E. 2d at 26. Instead, under the "express terms of sections 13-209(c), [and thus its corollary 13-209(b),] the issue is simply whether" Defendants' deaths were unknown to Plaintiff. *Relf*, 998 N.E.2d at 26.

A basic principle of agency law is that "an attorney is the agent of her client, and an agent's knowledge is imputed to her principal." *Washington v. Parkinson*, 737 F.3d 470, 473 (7th Cir. 2013); *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311, 1321 (7th Cir. 1978) ("actual knowledge of one or more lawyers in a firm is imputed to each member of that firm"). Plaintiff's Amended Supplemental Statement admits that attorneys "from Plaintiff's law firm, Loevy & Loevy, had previously learned of Mr. Ptak's death in an unrelated litigation"; namely, *Kluppelberg v. Burge*, 1:13-cv-03963. (Dkt. 82 at 1.)[10] Attorneys Loevy and Ainsworth also admit that they each "did file an appearance in the *Kluppelberg* matter." (*Id.* at 2, n.1.) Based on the foregoing, counsel's knowledge of Bajenski's and Ptak's deaths is imputed to Plaintiff;

---

and litigating this motion is concerning. This concern is particularly acute given the significant experience of Plaintiff's counsel with bringing similar motions in this District. *E.g.*, *Ezell*, 2020 WL 535130, at *1.

[10] Although Plaintiff's counsel appears to use the phrase "attorneys and paralegals assigned to represent Mr. Sopron" (Dkt. 82 at 1–2) to refer only to counsel who are actively working on behalf of Plaintiff, it is undisputed that both Jonathan Loevy and Russell Ainsworth have filed appearances in this case. In fact, both have been designated as "lead counsel" along with another lawyer. (Dkt. 2; Dkt. 4; Dkt. 5.) Mr. Loevy and Mr. Ainsworth are also included on the signature blocks of the motion to appoint a special representative (Dkt. 55), the Supplemental Statement (Dkt. 74), and the Amended Supplemental Statement (Dkt. 82). Based on their appearances as counsel and the presence of their names on these submissions, and despite the contrary assertion in the Amended Supplemental Statement, Loevy and Ainsworth ought both to be rightly included in the category of "attorneys . . . assigned to represent Mr. Sopron."

Plaintiff was thus "aware" of the deaths at the time of filing, consistent with either *Stewart*'s categorical or *Deleon-Reyes*'s more lenient application of *Relf*.

Section 13-209(b)(2) also instructs, however, that a court may only appoint a special representative "if no petition has been filed for letters of office for the deceased's estate" and "after notice to the party's heirs or legatees as the court directs." 735 ILCS 5/13-209(b)(2). Also, the statute provides that "the recovery shall be limited to the proceeds of any liability insurance protecting the estate." *Id.*; *Stewart*, 559 F. App'x at 548 ("the application of Illinois law would bar [plaintiff's] suit unless the estate is covered by liability insurance because [defendant] died more than two years before [plaintiff] filed his complaint"); *Tamburo v. Dworkin*, 2012 WL 104545 at *4 (N.D. Ill. Jan. 11, 2012) ("it would be inefficient to appoint a special representative if there were no proceeds of liability insurance to recover"); *see also Brown v. City of Chicago*, 2020 WL 4696624, at *2 (N.D. Ill. Jan. 28, 2020) ("Indemnification by the State is the functional equivalent of liability insurance" (quoting *Hauschild v. Powers*, 2011 WL 2560229, at *1 (S.D. Ill. June 28, 2011))).

Plaintiff's counsel represented that they have been unable to locate Bajenski's or Ptak's estate, (Dkts. 55 ¶ 3; 73 at 5; 113 at 3–4, 7), and that defense counsel is similarly unaware of any estate having been opened on behalf of either Defendant. (Dkt. 55 ¶ 3.) Other judges in this District have previously granted a motion for appointment of a special representative under similar circumstances, but only after the plaintiff satisfied the Court that the plaintiff complied with the statute's specific requirements. *E.g., Brown*, 2020 WL 4696624, at *3; *Deleon-Reyes*, 2019 WL 1200348,

at *3. Accordingly, this Court directs Plaintiff to file, on or before July 11, 2022, an affidavit that:

(1) confirms no estate has been opened and no personal representative appointed for either deceased Defendant, as well as explains the steps Plaintiff took to determine whether a petition has been filed for letters of office;

(2) describes the steps taken to identify and locate next of kin, indicates by name those individuals that Plaintiff has located, and confirms that Plaintiff previously sent those individuals copies of the complaint, the motion seeking a special representative, and this opinion; and

(3) confirms that the estate is protected by liability insurance (or subject to indemnification by Cook County or another public body).

## III. CONCLUSION

For the foregoing reasons, the Court granted Plaintiff's motion (Dkt. 55) to appoint a special representative for Defendants Bajenski and Ptak. (Dkt. 119.) On or before July 11, 2022, Plaintiff must file an affidavit that provides the information identified above as required by Section 13-209(b)(2).

SO ORDERED in No. 19-cv-08254.

Date: June 28, 2022

JOHN F. KNESS
United States District Judge